# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> **Stephen D. Mendenhall,** <br><br> **Debtor.** | **Bankruptcy Case** <br> **No. 17-40592-JDP** |

_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

    Ryan Farnsworth, Avery Law, Idaho Falls, Idaho, Attorney for Debtor,

    Kathleen McCallister, Chapter 13 Trustee.

*Introduction*

On July 5, 2017, chapter 13[1] trustee, Kathleen A. McCallister ("Trustee"), filed a motion to dismiss this case ("the Motion"). Dkt. No. 19.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

MEMORANDUM OF DECISION – 1

Relying upon the debts listed in his schedules, Trustee alleged in the Motion that debtor Stephen Derrick Mendenhall ("Debtor") is ineligible for chapter 13 relief because he exceeds the debt limit established by § 109(e). *Id*. Thereafter, presumably in response to the Motion, on July 19, Debtor amended the schedule E/F list of debts. Dkt. No. 21. Debtor also filed a response to the Motion. Dkt. No. 25. Trustee filed a reply. Dkt. Nos. 27.

On August 22, 2017, the Court conducted a hearing concerning the Motion, after which it took the issues under advisement. Minute Entry, Dkt. No. 28. Having considered the record and parties' arguments, as well as the applicable law, this Memorandum constitutes the Court's findings and conclusions, and disposes of the Motion. Rules 7052; 9014.

## *Facts*

On June 30, 2017, Debtor filed a chapter 13 petition. Dkt. No. 1. In his schedule E/F, Debtor listed unsecured debts totaling $487,062.82, of which, $482,700.84 were debts for student loans, most owed to creditor Navient. *Id*. For simplicity, the Court refers to these debts collectively as Debtor's "student loan debts". None of these debts were labeled

MEMORANDUM OF DECISION – 2

contingent, unliquidated, or disputed.

On July 5, 2017, Trustee filed the Motion. She argued in the Motion that the amount of Debtor's unsecured debt exceeded the limit for eligibility for chapter 13 relief set forth in § 109(e). Dkt. No. 19.

On July 19, Debtor filed amended schedules, now indicating that $333,251.61 of the student loan debts were "disputed" because each was "unenforeable [sic] becuase [sic] it is beyond statute of limitations, no payments or new charges in 12 years." Dkt. No. 21 at 1-2. In his response to the Motion, Debtor argues that, based upon the amended schedules, he qualifies under § 109(e) to be a chapter 13 debtor.

The issue presented by the Motion is, then, whether unsecured debt listed as "disputed" in a debtor's schedules because it is alleged to be time-barred, and therefore unenforceable under the applicable statute of limitations, should be counted in determining the debtor's eligibility for chapter 13 relief under § 109(e).

*Analysis and Disposition*

In § 109, the Code explains who qualifies for relief as a debtor in a

MEMORANDUM OF DECISION – 3

bankruptcy case. One restriction in that section limits the amount of unsecured debt that a chapter 13 debtor may owe when the petition is filed. More precisely, § 109(e) provides that someone may be a debtor under chapter 13 only if that individual owes, as of the petition date, "noncontingent, liquidated, unsecured debts of less than $394,725 . . . ."

Because the schedules Debtor originally filed in the bankruptcy case listed over $487,000 in noncontingent, liquidated, unsecured debt, he exceeded the § 109(e) debt restriction. However, Debtor contends that, as shown in his amended schedules, $333,251.61 of his student loan debt is disputed and unenforceable because the statute of limitations for collection of those debts from him has expired. Therefore, Debtor argues, the amount of his unsecured debt does not exceed the § 109(e) limit and he is eligible for relief in this chapter 13 case. Trustee disagrees with Debtor's position, contending that time-barred debts, even if unenforceable, must be included in the eligibility calculations.

The Code's definitions, and the appellate case law interpreting the Code, provide a road map for resolution of this disagreement.

MEMORANDUM OF DECISION – 4

**A.    Debt**

As noted above, § 109(e) focuses on the amount of an individual's "debts" at the time the petition is filed to determine eligibility for relief. The Code defines the term "debt" in § 101(12) to mean "liability on a claim." "Claim", in turn, is defined in § 101(5)(A) to mean in this context a "right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured."

Debtor has not argued that the student loans are not "debts." Moreover, in deciding a different issue, the Supreme Court held earlier this year, in *Midland Funding, LLC v. Johnson*, 137 S.Ct. 1407 (2017), that an unenforceable, time-barred claim falls within the Code's definition of the term "claim" because, under applicable state law, "a creditor has the right to payment of a debt even after the limitations period has expired." *Id.* at 1411.  This is important because, long ago, the Supreme Court explained that, when used in the Code, the terms "debt" and "claim" are coextensive. *Pennsylvania Dept. of Public Welfare v. Davenport*, 110 S.Ct. 2126, 2130 (1990).

MEMORANDUM OF DECISION – 5

Indeed, the Ninth Circuit BAP has explained that, "[a]ny difference between the two definitions are merely those differences inherent in describing a term from opposing points of view. 'Debt' concerns itself with a debtor's obligation, while 'claim' concerns itself with a creditor's rights." *Quintana v. IRS (In re Quintana)*, 107 B.R. 234, 237-38 (9th Cir. BAP 1989), *aff'd* 915 F.2d 513 (9th Cir. 1990). Thus, because time-barred claims constitute "claims," time-barred debts are also "debts" under the Code. As a result, Debtor's student loans are "debts" under the Code, even if they are time-barred as Debtor alleges.

**B.    Debts Included in § 109(e) Calculation**

But not all of an individual's debts owed on the date of a bankruptcy filing are included in the § 109(e) debt limit calculation. As the BAP has noted, § 109(e) "excludes unliquidated or contingent debts from the Chapter 13 eligibility computation[.]" *Nicholes v. Johnny Appleseed of Wash. (In re Nicholes)*, 184 B.R. 82, 88 (9th Cir. BAP 1995). Are Debtor's student loan debts either contingent or unliquidated, and therefore excluded from the chapter 13 eligibility calculus in this case?

MEMORANDUM OF DECISION – 6

Debtor has not argued that any of the student loan debts are "contingent." And, under Ninth Circuit case law, they are not. "[A] contingent debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic even which will trigger liability of the debtor to the alleged creditor." *Id.* (quoting *Fostvedt v. Dow (In re Fostvedt)*, 823 F.2d 305, 306 (9th Cir. 1987)). "Thus, debts of a contractual nature . . . are not contingent." *Id.* (citations omitted). Here, Debtor's student loan debts are all based upon contracts, and none are contingent.

Recall, Debtor listed the time-barred student loan debts as "disputed" in his amended schedules. But § 109(e) does not exclude debts which are merely disputed. The term "disputed" is "broad and can encompass either liquidated or unliquidated debts[;] [i]t can also involve the liability for a claim, the amount of a claim, or both." *Id*. at 89. As a result, "the fact that a claim is disputed does not *per se* exclude the claim from the eligibility calculation under § 109(e), since a disputed claim is not necessarily unliquidated." *Id.* at 90-91.

MEMORANDUM OF DECISION – 7

In sum, Debtor's time-barred student loan debts are not contingent, and the mere fact that Debtor disputes them is insufficient to exclude them from the § 109(e) debt limit calculation.

## C.  Unliquidated Debt

Debtor's remaining hope for excluding the student loan debts from the eligibility determination is to show that those debts are, for purposes of § 109(e), "unliquidated." The case law instructs that "it is the *nature* of the dispute, and not the existence of the dispute, that makes a claim unliquidated." *In re Nicholes*, 184 B.R. at 90 (emphasis in original). And as the BAP observed, "debts of a contractual nature are generally liquidated." *Id.* at 91 (citing *Sylvester v. Dow Jones and Co., Inc. (In re Sylvester)*, 19 B.R. 671, 673 (9th Cir. BAP 1982)).

A debt is "liquidated" for purposes of § 109(e) if the amount due is "readily determinable or 'capable of ascertainment by reference to an agreement or by simple computation.'" *Id. at* 90 (quoting *In re Sylvester*, 19 B.R. at 673). *See also, Slack v. Wilshire Ins. Co. (In re Slack)*, 187 F.3d 1070, 1073-74 (9th Cir. 1999); *In re Taylor*, 08.3 I.B.C.R. 131, 133 (Bankr. D. Idaho

MEMORANDUM OF DECISION – 8

2008).  This is generally true "regardless of any dispute."  *Id.* at 91.  But "if the dispute itself makes the claim difficult to ascertain or prevents the ready determination of the amount due, the debt is unliquidated and excluded from the § 109(e) computation."  *Id*.

In this case, Navient has filed four proofs of claim for debts, it represents, total over $400,000, all based upon promissory notes or loan agreements signed by Debtor.  *See* Claims Nos. 2-5.  Based on the nature of these debts, together with the information in Debtor's schedules, the amount of these debts is readily ascertainable and easily calculable.  Accordingly, here, the all of the student loan debts are liquidated.

D.   *In re Loya*

Despite this, Debtor argues that the student loan debts are unenforceable and could not be collected from him under the applicable statute of limitations, and that this sort of dispute renders those student loan debts unliquidated.  To support his position, Debtor cites the Court to the BAP's decision in *Loya v. Rapp (In re Loya)*, 123 B.R. 338 (9th Cir. BAP 1991).

MEMORANDUM OF DECISION – 9

Loya was a chapter 13 debtor who, before bankruptcy, worked as a professional tax preparer. *In re Loya*, 123 B.R. at 339. During that time, Loya advised his clients to invest in an aggressive tax shelter, which thereafter failed. *Id.* Three years later, Loya filed a chapter 13 petition. *Id.*

While Loya listed all of his tax shelter investors as creditors in his bankruptcy schedules, Loya indicated that the amounts owed to those investors who had not yet filed suit against him was "zero". *Id.* As it turned out, only ten investors filed proofs of claims in the case. *Id.* Loya objected to all of these claims arguing they were barred by California's three-year statute of limitations. *Id.* at 339-40. Even so, the bankruptcy court included the face amount of each investor's proof of claim in deciding that Loya exceeded the unsecured debt limit established by § 109(e). *Id.* at 340.

When the bankruptcy court dismissed his case, Loya appealed. In its decision, the BAP considered whether the investors' debts were capable of "ready determination," and thus "liquidated" for § 109(e) purposes. The panel held that ready determination turns on the distinction between

MEMORANDUM OF DECISION – 10

whether a "simple hearing is required to determine the amount of a certain debt," or whether "an extensive and contested evidentiary hearing in which substantial evidence may be necessary to establish amounts or liability." *In re Loya*, 123 B.R. at 341 (quoting *FDIC v. Wenberg (In re Wenberg*, 94 B.R. 631, 634–35 (9th Cir. BAP 1988)). Because many of the investor-claimants apparently conceded that enforcement of their claims was barred by the statute of limitations, the BAP concluded that only the briefest of hearings would be needed to determine whether those claims should be allowed, and to compute the amount due on the claims. *Id.* Accordingly, the *Loya* panel concluded that the investors' claims were liquidated for § 109(e) purposes. *Id.* However, the BAP vacated the dismissal of Loya's case and remanded it to the bankruptcy court to recalculate the amount of his debt consistent with its decision. *Id.* It explained:

> Since the amount of the liquidated debt owed to many of the tax shelter claimants may be zero, the debtor may have less than the [§ 109(e) debt limit]. It appears that the bankruptcy court misapplied the law in concluding that the full amount of these disputed claims must be included as the liquidated debt

MEMORANDUM OF DECISION – 11

for the purposes of section 109(e).

*Id*.

While Debtor contends otherwise, the BAP's decision in *Loya* is distinguishable from the facts in this case in several critical ways. Here, the student loan debts are contractual claims, and not claims for tort damages as was the case in *Loya*. Moreover, Debtor did not list the amounts owed on the student loan debts as zero in his schedules; he listed his obligation on these debts to be $333,251.61. Thus, even according to Debtor, the amount of the student loans debts is easily ascertainable and the debts are liquidated. That these debts may be unenforceable, does not change this result. Thus, the amount of the time-barred student loan debts must be included in Debtor's chapter 13 eligibility calculation.[2]

---

[2] The Court's decision in this case also comports with a more recent, unpublished decision from the BAP. When faced with the argument that a contractual debt should not be included in the § 109(e) debt calculation because it was time-barred, the BAP held that the statute of limitations argument, among others, "[a]t best . . . indicate[d] that the claim [was] disputed, but disputed claims typically are counted for purposes of determining chapter 13 eligibility." *Carswell v. Rojas (In re Carswell)*, 2015 WL 8775748, *6 (9th Cir. BAP December 11, 2015). The BAP further stated in *Carswell* that "the liability is based on an unconditional promissory note, and the amount owed on the note is readily

MEMORANDUM OF DECISION – 12

Case 17-40592-JDP    Doc 34    Filed 10/17/17    Entered 10/17/17 11:48:09    Desc Main
                       Document      Page 13 of 14

*Conclusion*

Even though some of Debtor's student loan debts are alleged to be time-barred and unenforceable, under the Supreme Court's case law, Debtor's student loans are still "debts" under the Code.  In addition, because the student loans are based upon contracts, and the amounts due on those loans are readily determinable, no extensive hearing regarding liability or the amount due would be required.  The student loan debts are therefore "liquidated" and their amount, which Debtor alleges to be $333,251.61, must be included in deciding whether Debtor is eligible for relief under chapter 13.  Because the amount of Debtor's noncontingent, liquidated unsecured debt exceeds the debt limits found in § 109(e), he is not eligible for chapter 13 relief.  Unless Debtor files a motion to convert this case to a case under chapter 7 or 11 within fourteen (14) days, Trustee may submit an order dismissing this chapter 13 case.

///

---

ascertainable from the terms of the note and Carswell's brief payment history." *Id.*

MEMORANDUM OF DECISION – 13

Dated: October 17, 2017

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 14